WILLIAM J. FISHER, Assignee of ANNA R. ALLEN, *vs.* ROBERT
    WANNAMACHER, Mortgagor, ANNA J. SHIELDS, Administra-
    trix of SARAH SHIELDS, deceased, *terre* tenant, and JOHN
    SHIELDS, JAMES SHIELDS, ANNIE J. SHIELDS, LENA SHIELDS,
    MARY O'BRIEN, HANNAH HARKINS and KATE CASSIDY,
    Heirs-at-law of SARAH SHIELDS, deceased.

In a *scire facias* proceeding upon a mortgage, certain of the defendants were
served personally under the original *scire facias* at the first term of court, but failed to
file their affidavit of defence until the return of the *alias sci. fa.* at the second term.
*Held:* that said parties who were served under the first writ should have filed their
affidavit of defence at the first term of the court to which the original process was re-
turnable, and not having so filed said affidavit, it was too late to file it at the second
term, upon the return of the *alias sci. fa.*; and that the plaintiff was therefore entitled
to judgment notwithstanding the affidavit of defence.

(*March 30, 1899.*)

Superior Court, New Castle County, February Term, 1899.

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Lilburne Chandler* for plaintiff.

*William S. Hilles* for defendant.

Scire facias issued, being number 82 to the November Term,
1898. Affidavit of demand and abstract of mortgage also filed.
The return of the sheriff on the original *scire facias* was:
    "*Nihil habent* as to Robert Wannamacher, mortgagor, and made
known personally to Anna J. Shields, Administratrix of Sarah
Shields, deceased, *terre* tenant, and made known personally to John
Shields, James Shields, Annie J. Shields and Hannah Harkins,
November 26, 1898, heirs-at-law of Sarah Shields, deceased, and
*nihil habent* as to Lena Shields, Mary O'Brien and Kate Cassidy."
The return on the *alias sci. fa.* was: "Made known personally to
John Shields, James Shields and Hannah Harkins, January 9,

1899. *Nihil habent* as to Anna J. Shields, Lena Shields, Mary O'Brien, Kate Cassidy and Robert Wannamacher."

John Shields, James Shields, Annie J. Shields and Hannah Harkins, who were served under the first writ, failed to file an affidavit of defence at the first term, but filed their affidavit of defence upon the return of the *alias. sci. fa.* at the second term.

*Mr. Chandler* for plaintiff, asked for judgment, notwithstanding the affidavit of defence, on the ground that the said defendants having been served at the November Term, 1898, and failing to put in their affidavit, they were guilty of laches, and were too late to file the affidavit at the February Term, 1899.

The Court held that the party upon whom service was had, should have filed his affidavit at the first term of the court to which the original process was returnable, and not having so filed his affidavit, it was too late to file it at the second term, upon the return of the *alias sci. fa.*, and that the plaintiff was therefore entitled to judgment, notwithstanding the affidavit of defence.

NOTE.—This decision follows and affirms the decision made at the April Term, 1898, in the case of *Benjamin R. Riggin, Executor of George Hall, deceased, vs. Edward G. Kimes, Mortgagor, and Henry F. Hepburn, terre tenant*, being Number 23 to October Term, 1897. In this case a *sci. fa.* was issued to the October Term, 1897, and service had upon Henry F. Hepburn, *terre* tenant, and *nihil* as to Edward G. Kimes, mortgagor; abstract and affidavit also filed. An *alias sci. fa.* was issued to the April Term, 1898, and returned *nihil* as to all defendants. On the return of the *alias sci. fa.*, Hepburn filed an affidavit of defence. The Court there held that he should have filed his affidavit of defence at the return of the original writ, and that it was too late to file it upon the return of the *alias sci. fa.*, and therefore rendered judgment in favor of the plaintiff, notwithstanding the affidavit of defence.